# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Terry Ferguson, Cherie Ferguson, Trace Ferguson, Trent Ferguson, a minor, by his Father and next Friend, Terry Ferguson, Tressa Ferguson, a minor By her Father and next Friend, Terry Ferguson, Michael Radovick, Jr., a minor by his Father and Next Friend, Michael Radovick, Sr., Gabriella Radovick, a minor, by her Father and next Friend, Michael Radovick, Sr., Haylie Roberts, a minor, by Her Mother and next Friend, Krystle Roberts, Makenzie Roberts, a minor, by her Mother and next Friend, Krystle Roberts, | CIVIL ACTION<br><br>No. 1:20-cv-06487<br><br>Jury Trial Demanded<br><br>Bivens Action & Violations 42 U.S.C. §1983 |
| Plaintiffs, | |
| v. | |
| Christopher Labno, individually and in his capacity as An agent of the Bureau of Alcohol, Tobacco, Firearms And Explosives, Christopher Burney, individually and in his capacity as an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, Madison Johnson, Individually and in her capacity as an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, Brett O'Connor, individually and in his capacity as an agent of The Bureau of Alcohol, Tobacco, Firearms and Explosives, Craig Fries, individually and in his capacity as an agent of The Bureau of Alcohol, Tobacco, Firearms and Explosives, Bennie Mims, individually and in his capacity as an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, Walter Bucki, individually and in his capacity As an agent of the Bureau of Alcohol, Tobacco, Firearms And Explosives, Christopher Stenzel, individually and in his capacity as an agent of the Bureau of Alcohol, Tobacco, Firearms And Explosives, Sergeant Thomas Hamilton, individually and in his capacity as an agent of the Bureau of Alcohol, Tobacco, Firearms And Explosives, The Bureau of Alcohol, Tobacco, Firearms and Explosives, the Kenosha Wisconsin Police Department, the Willowbrook Illinois Police Department, the DuPage County Illinois Sheriff's Department, Ten Unknown Named Agents/Officers of the DuPage County Sheriff's Department, Ten Unknown Named Agents/Officers of the Willowbrook Illinois Police Department, Ten Unknown | |

| | |
|---|---|
| John Doe and | ) |
| Jane Doe Police Officers, City of Kenosha Wisconsin, a | ) |
| Municipal corporation, Village of Willowbrook Illinois, a | ) |
| Municipal corporation, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

## PRELIMINARY STATEMENT

- This is an action brought under the United States Constitution pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), for the Defendants' malicious prosecution of Plaintiffs in violation of the Fourth and Fifth Amendments to the United States Constitution, the unlawful search and seizure of Terry, Cherie, Trent, Trace and Tressa Ferguson's home, private papers, information, communications, and belongings in violation of their Fourth and Fifth Amendment rights and for the unlawful seizure and detention of Michael Radovick, Jr., Gabriella Radovick, Haylie Roberts and Makenzie Roberts in violation of their Fourth and Fifth Amendment rights. This action is further brought under 42 U.S.C. §1983 against the various Defendant state agents for violation of each Plaintiff's civil rights. This action also includes pendent state claims for Defendants' violations of Illinois laws and regulations.

## JURISDICTION AND VENUE

- This Court has jurisdiction over the subject matter of this Complaint under the Fourth and Fifth Amendments to the United States Constitution, 28 U.S.C. §§ 1331 and 1367 and 42 U.S.C. §1983. Venue is proper under 28 U.S.C. §1391(b). All parties reside in this judicial district, and all acts and events giving rise to the claims asserted herein

occurred in DuPage County, Illinois and jurisdiction is proper in the Northern District of Illinois.

## PARTIES

- **The Plaintiffs**

- Plaintiff, Terry Ferguson, ("Terry") at all times relevant hereto was and remains a resident of the County of DuPage and State of Illinois.

- Plaintiff, Cherie Ferguson, ("Cherie") at all times relevant hereto was and remains a resident of the County of DuPage and State of Illinois.

- Plaintiff, Trace Ferguson, ("Trace") at all times relevant hereto was and remains a resident of the County of DuPage and State of Illinois.

- Plaintiff, Trent Ferguson, ("Trent") a minor by his Father and next friend, Terry Ferguson, at all times relevant hereto was and remains a resident of the County of DuPage and State of Illinois.

- Plaintiff, Tressa Ferguson, ("Tressa") a minor by her Father and next friend, Terry Ferguson, at all times relevant hereto was and remains a resident of the County of DuPage and State of Illinois.

- Plaintiff, Michael Radovick, Jr., ("Michael") a minor by his Father and next friend, Michael Radovick, Sr., at all times relevant hereto was and remains a resident of the State of Illinois.

- Plaintiff, Gabriella Radovick, ("Gabriella") a minor by her Father and next friend, Michael Radovick, Sr., at all times relevant hereto was and remains a resident of the State of Illinois.

- Plaintiff, Haylie Roberts, ("Haylie") a minor by her Mother and next friend, Krystle Roberts, at all times relevant hereto was and remains a resident of the State of Illinois.

- Plaintiff, Makenzie Roberts, ("Mackenzie") a minor by her Mother and next friend, Krystle Roberts, at all times relevant hereto was and remains a resident of the State of Illinois.

- **The Defendants**

- Defendant, Christopher Labno, at all times relevant hereto was and is employed as an agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives. He is sued in his individual capacity and as an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

- Defendant, Christopher Burney, at all times relevant hereto was and is employed as an agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives. He is sued in his individual capacity and as an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

- Defendant, Madison Johnson, at all times relevant hereto was and is employed as an agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives. She is sued in her individual capacity and as an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

- Defendant, Brett O'Connor, at all times relevant hereto was and is employed as an agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives. He is sued in his individual capacity and as an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

- Defendant, Craig Fries, at all times relevant hereto was and is employed as an agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives. He is sued in his individual capacity and as an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

- Defendant, Bennie Mims, at all times relevant hereto was and is employed as an agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives. He is sued in his individual capacity and as an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

- Defendant, Walter Bucki, at all times relevant hereto was and is employed as an agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives. He is sued in his individual capacity and as an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

- Defendant, Christopher Stenzel, at all times relevant hereto was and is employed as an agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives. He is sued in his individual capacity and as an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

- Defendant, Thomas Hamilton, at all times relevant hereto was and is employed as an agent and Sergeant of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives. He is sued in his individual capacity and as an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

- Defendants, Ten Unknown Named Agents/Officers of the DuPage County Illinois Sheriff's Police at all times relevant hereto were and are employed as Officers of

the DuPage County Illinois Sheriff's Police. Each is sued in his/her individual capacity and as officers/employees/agents of the DuPage County Sheriff's Police.

- Defendants, Ten Unknown Named Agents/Officers of the Willowbrook Illinois Police Department at all times relevant hereto were and are employed as Officers of the Willowbrook Illinois Police Department. Each is sued in his/her individual capacity and as officers/employees/agents of the Willowbrook Illinois Police Department.

- Defendants, Ten Unknown John Doe and Jane Doe Police Officers at all times relevant hereto were and are employed as Officers of their respective Police and/or Sheriff's Departments. Each is sued in his/her individual capacity and as officers/employees of their respective Police and/or Sheriff's Departments.

- Defendant, Village of Willowbrook, at all times relevant hereto was and is a municipal corporation in the State of Illinois and, at all times relevant hereto, had, maintained and controlled as one of its divisions and/or departments, the Village of Willowbrook Police Department.

- Defendant, City of Kenosha, at all times relevant hereto was and is a municipal corporation in the State of Wisconsin and, at all times relevant hereto, had, maintained and controlled as one of its divisions and/or departments, the City of Kenosha Police Department.

- 

**FACTS COMMON TO ALL COUNTS**

- On October 30, 2018, at or about 6 a.m., Plaintiffs were awakened by loud banging on the front door of their home in Willowbrook, DuPage County, Illinois. In response to the banging, Plaintiff Tressa Ferguson descended the stairs from the second

floor of her home followed a few seconds behind by Plaintiff Terry Ferguson. When Tressa opened the front door she was confronted by Defendant Labno and other Unknown Named Defendants who each were armed with drawn weapons. Upon opening the door, Tressa was forcibly pulled out the door to the outside of the house and Labno and other Defendants poured into the house through the open door armed with drawn weapons. By that point, Terry Ferguson had completely descended the stairs and was in the hallway mere inches inside the front door. At that time, Terry Ferguson immediately was arrested, without resistance or incident, by Labno and other Unknown Named Defendants and was removed to the outside of the house. Less than thirty (30) seconds after Defendants entered Plaintiffs' home, Terry Ferguson was under arrest. Significantly, at this time, Defendants were armed solely with an arrest warrant for Terry Ferguson. After Terry was arrested, Defendants had no further legal basis or justification to enter any further into Plaintiffs' home or to conduct a search of the interior of said home, garage or property.

- Despite this lack of a search warrant or other legal basis or justification, Defendants swarmed throughout the house, again with weapons drawn, and rousted the remaining Plaintiffs from their beds and corralled them all in the living room of the house. Once the house and scene were secured and the Plaintiffs were detained, Defendants had ample time and opportunity to await the issuance of a search warrant for Plaintiffs' house, garage and vehicles.

- With the exception of the minor children being allowed to get dressed and go to school, Plaintiffs were detained in the living room of the house for the next eight (8) hours while multiple Defendants conducted an ongoing warrantless search throughout

Plaintiffs' house, attached garage and cars. During this detention, various Defendants interrogated Plaintiffs Cherie Ferguson and Plaintiff Trace Ferguson.

- During the ongoing warrantless, illegal search of Plaintiffs' house, garage and vehicles, Defendants seized and removed various items of personal property from the premises and vehicles.

### Injuries to Plaintiffs

- As a direct and proximate result of all law enforcement Defendants, and each of them, each and every Plaintiff suffered substantial damages, including loss of liberty, invasion of privacy, substantial emotional distress and harm, loss of reputation, and physical harms caused by the emotional distress, including difficulty sleeping, nightmares, difficulty focusing on daily tasks, and changed behavior in work practices, loss of income and loss of future earnings, and costs and expenses of bringing this action.

- In causing the unlawful search of Plaintiffs' home, garage and vehicles, Defendant Labno and all law enforcement Defendants, and each of them, were responsible for the unannounced early morning raid and armed invasion of Plaintiffs Terry and Cherie Ferguson and their family.

- The agents entered the house with firearms displayed, forcibly removed Cherie Ferguson and the minor children from their respective bedrooms, handcuffed Terry Ferguson and refused to provide any information as to the grounds for their search or lack of search warrant.

- These terrifying actions (as if the agents were dealing with armed, dangerous terrorists) were followed by searches of each and every Plaintiff and interrogations of, *inter alia*, Terry Ferguson, Cherie Ferguson and Trace Ferguson.

- Defendants caused the search and/or seizure without a warrant and without probable cause of Plaintiffs' house, attached garage, vehicles, and personal belongings, including, but not limited to, on information and belief, computers and other electronic devices belonging to Plaintiffs, thereby depriving them of the use of these belongings.

- The malicious prosecution and warrantless search and seizure of Plaintiffs, Plaintiffs' home, attached garage, vehicles and personal property caused, continues and will continue to cause harm to each Plaintiff's academic and professional pursuits and will continue to have an adverse impact on each Plaintiff.

## CONSTITUTIONAL CLAIMS

### Count I

**All Plaintiffs v. All Law Enforcement Defendants**
**Malicious Prosecution**

- The actions of defendants Labno and Unknown Officers violated each Plaintiff's clearly established right to be free from malicious prosecution under the Fourth Amendment.

- As the lead agent and investigator, defendant Labno initiated the prosecution of Plaintiff Terry and his family and conducted and led the search of Plaintiffs' home, attached garage, and vehicles and did so without probable cause and acted with improper motives and purposes.

- Each Plaintiff suffered a deprivation of liberty as a result of this prosecution and Labno's and Unknown Officers' action.

### Count II

**All Plaintiffs v. All Law Enforcement Defendants**
**Equal Protection and Due Process Violation**

- The actions of all Defendant law enforcement officers, and each of them, violated each Plaintiff's clearly established equal protection and due process rights under the Fifth Amendment.

- Defendant Labno's and all law enforcement Defendants' investigation and detention of Plaintiff Terry Ferguson, the unlawful, impermissible extended detention of the remaining Plaintiffs, and each law enforcement Defendant's impermissible, unlawful, warrantless search of the Plaintiffs' subject home, attached garage and Plaintiffs' vehicles violated each Plaintiff's right to equal protection and due process under the Fifth Amendment.

### Count III

**All Plaintiffs v. All Law Enforcement Defendants**
**Unlawful Search and Seizure of Property and Belongings**

- Defendants Labno and all law enforcement Defendants, and each of them, caused the warrantless, impermissible, unauthorized, illegal search of the individual Plaintiff's home, belongings, attached garage and vehicles and the seizure of various personalty belonging to various Plaintiffs, all without probable cause, thereby violating each Plaintiff's clearly established constitutional rights under the Fourth Amendment.

### Count IV

**All Plaintiffs v. All Law Enforcement Defendants**
**Unreasonable Detention and Seizure of Person**

- Defendants Labno and all law enforcement Defendants, and each of them, caused the seizure and unreasonable, lengthy hours-long warrantless detention of all Plaintiffs (until the minor Plaintiffs were released to go to school) thereby violating each Plaintiff's clearly established constitutional rights under the Fourth Amendment.

- After the minor Plaintiffs were released from custody to attend school, Defendants Labno and all law enforcement Defendants, and each of them, caused the seizure and unreasonable, lengthy eight-hours-long warrantless detention of the remaining Plaintiffs thereby violating each Plaintiff's clearly established constitutional rights under the Fourth Amendment.

**Count V**

**All Plaintiffs v. All Law Enforcement Defendants**
**Unlawful Restraint & Detention and Seizure of Person**

- Defendants Labno and all law enforcement Defendants, and each of them, caused the unlawful restraint, seizure and unlawful, lengthy hours-long warrantless detention of all Plaintiffs (until the minor Plaintiffs were released to go to school) thereby violating each Plaintiff's clearly established constitutional rights under the Fourth Amendment.

- After the minor Plaintiffs were released from custody to attend school, Defendants Labno and all law enforcement Defendants, and each of them, caused the unlawful restraint, seizure and unlawful, lengthy eight-hours-long warrantless detention of the remaining Plaintiffs thereby violating each Plaintiff's clearly established constitutional rights under the Fourth Amendment.

**Count VI**

**All Plaintiffs (except Terry Ferguson) v. All Law Enforcement Defendants**
**False Imprisonment**

- Defendant Labno and all law enforcement Defendants, and each of them, detained and imprisoned Plaintiffs (except Terry Ferguson) unlawfully and without any valid legal basis or reasonable, articulable suspicion that any of the Plaintiffs had

committed any crime thereby violating each Plaintiff's clearly established constitutional rights under the Fourth and Fifth Amendments.

- Except for Plaintiff, Terry Ferguson, Defendant Labno and all law enforcement Defendants acted without lawful or reasonable grounds to arrest or imprison any of the Plaintiffs thereby violating each Plaintiff's clearly established constitutional rights under the Fourth and Fifth Amendments.

**STATUTORY CLAIMS**

**Count VII**

**All Plaintiffs v. All Individual Law Enforcement Defendants**
**Unreasonable Detention and Seizure of Person**

- Each law enforcement Defendant, and each of them, caused the seizure and unlawful, lengthy hours-long warrantless detention of all Plaintiffs (until the minor Plaintiffs were released to go to school) thereby violating each Plaintiff's clearly established civil rights under 42 U.S.C. §1983.

- After the minor Plaintiffs were released from custody to attend school, Each law enforcement Defendant, in his or her individual capacity caused the seizure and unlawful, lengthy eight-hours-long warrantless detention of the remaining Plaintiffs thereby violating each Plaintiff's clearly established civil rights under 42 U.S.C. §1983.

**Count VIII**

**All Plaintiffs v. All Law Enforcement Defendants**
**Unlawful Restraint & Detention and Seizure of Person**

- All law enforcement Defendants, and each of them, caused the unlawful restraint, seizure and unlawful, lengthy hours-long warrantless detention of all Plaintiffs

(until the minor Plaintiffs were released to go to school) thereby violating each Plaintiff's clearly established civil rights under 42 U.S.C. §1983 and 720 ILCS 5/10-3.

- After the minor Plaintiffs were released from custody to attend school, Defendants Unknown Officers caused the unlawful restraint, seizure and unlawful, lengthy eight-hours-long warrantless detention of the remaining Plaintiffs thereby violating each Plaintiff's clearly established civil rights under 42 U.S.C. §1983 and 720 ILCS 5/10-3.

**Count IX**

**All Plaintiffs v. All Law Enforcement Defendants**
**Kidnapping of Plaintiffs**

- All law enforcement Defendants, and each of them, caused the forceful transport of all Plaintiffs, against their will, from either their respective bedrooms throughout the subject house to the living room of the same house or from the vicinity of the front door to the living room of said house where each was restrained and prevented from leaving said living room or from contacting, by any means, anyone outside said house, thereby violating each Plaintiff's clearly established civil rights under 42 U.S.C. §1983 and in violation of 720 ILCS 5/10-1, *et seq.*

**Count X**

**All Plaintiffs v. All Law Enforcement Defendants**
**Unlawful Search and Seizure of Property and Belongings**

- All law enforcement Defendants, and each of them, caused the warrantless, impermissible, unauthorized, illegal search of the individual Plaintiff's home, belongings, attached garage and vehicles and the seizure of various personalty belonging to various Plaintiffs, all without probable cause, thereby violating each Plaintiff's clearly established civil rights under 42 U.S.C. §1983.

**Count XI**

**All Plaintiffs (except Terry Ferguson v. All Law Enforcement Defendants
False Imprisonment**

•	All law enforcement Defendants, and each of them, detained and imprisoned Plaintiffs (except Terry Ferguson), for as long as eight (8) hours, unlawfully and without any valid legal basis or reasonable, articulable suspicion that any of the Plaintiffs had committed any crime thereby violating each Plaintiff's clearly established civil rights under 42 U.S.C. §1983.

•	Except for Plaintiff, Terry Ferguson, Defendants Unknown Officers acted without lawful or reasonable grounds to arrest or imprison any of the Plaintiffs thereby violating each Plaintiff's clearly established civil rights under 42 U.S.C. §1983.

**Count XII**

**All Plaintiffs v. All Defendants
Respondeat Superior**

•	In committing the acts alleged in the preceding paragraphs, each of the individual Defendants were members of, and agents of, their respective Police Departments, Sheriff's Departments and/or Law Enforcement Agencies and were acting, at all times relevant hereto, within the scope of their respective employment and under color of law.

•	Defendants Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, the State of Illinois, the Illinois State Police, the DuPage County Sheriff's Police, Willowbrook Police Department, Hodgkins Police Department, Channahon Police Department, Naperville Police Department, and Kenosha Wisconsin Police Department

and Unknown Police Departments are liable as respective principals for all torts committed by their respective agents/officers/employees.

- As a proximate result of Defendants' wrongful acts, Plaintiffs suffered damages, including, but not limited to, severe emotional, psychological and physical, injury, trauma, distress, anguish and financial injuries as more fully alleged above.

## Count XIII – State Law Claim

### All Plaintiffs v. All Defendants
### Indemnification

- Illinois and Wisconsin law each provide that public entities are directed to pay any tort judgment for compensatory damages for which its employees are liable which arise out of or which are incurred within the scope of said employee's employment activities.

- In committing the acts alleged in the preceding paragraphs and at all times relevant hereto, each of the Defendants were members of, and agents of, their respective Police Departments, Sheriff's Departments and/or Law Enforcement Agencies and were acting, at all times relevant hereto, within the scope of their employment and under color of law.

- Defendants Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, the State of Illinois, the Illinois State Police, the DuPage County Sheriff's Police, Willowbrook Police Department, Hodgkins Police Department, Channahon Police Department, Naperville Police Department, and Kenosha Wisconsin Police Department and Unknown Police Departments are liable as respective principals for all torts committed by their respective agents/officers/employees.

- As a proximate result of Defendants' wrongful acts, each Plaintiff suffered damages, including, but not limited to, severe emotional, psychological and physical, injury, trauma, distress, anguish and financial injuries as more fully alleged above.

## JURY DEMAND

Plaintiffs, and each of them, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

**WHEREFORE,** Plaintiffs, and each of them respectfully request that this Honorable Court enter an order in their favor and against the Defendants and each of them awarding to Plaintiffs:

- Compensatory damages as to and from all Defendants;
- Punitive damages as to and from all Defendants;
- An injunction requiring all Defendants to return to Plaintiffs all information and items of personal property, of whatever kind, and to the extent that said personalty cannot be returned, that Plaintiffs be compensated for the value of said personalty;
- Reasonable attorney's fees and costs as to and from all Defendants; and
- Such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Beau B. Brindley
_____
Beau B. Brindley, Plaintiffs' Attorney

Beau B. Brindley, Esq.

Law Offices of Beau B. Brindley  
53 West Jackson Boulevard Suite 1410  
Chicago, IL 60604-4176  
312-765-8878  
www.brindleylaw.com  
bbbrindley@gmail.com